# CHARLESTON

BRADBERRY v. BUFFINGTON, SHERIFF, ETC., *et al.*

Submitted June 9, 1914.   Decided June 16, 1914.

CRIMINAL LAW—*Jurisdiction—Justices of the Peace—Misdemeanors.*

Chapter 51, Acts 1909, amending and re-enacting section 7, chapter 148, serial section 5291, Code 1913, does not by implication repeal section 219, chapter 50, serial section 2773, Code 1913, so as to take away jurisdiction of justices of the first offenses, prescribed by said section 7, still made misdemeanors thereby, and an offender tried by a justice for such first offense and adjudged to pay the fine and be imprisoned as provided will not be discharged from such imprisonment on writ of habeas-corpus.

Error to Circuit Court, Cabell County.

Action by Lon Bradberry against P. C. Buffington, Sheriff, etc., and others.   Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Doolittle, Copen & Davis,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, and *H. C. Simms,* for defendants in error.

MILLER, PRESIDENT:

On the warrant of a justice petitioner was found guilty of unlawfully carrying about his person a revolver, without having obtained a license therefor, as provided by section 7, chapter 148, serial section 5291, Code 1913, and adjudged

by the justice to pay a fine of fifty dollars, and be imprisoned in the county jail for the period of six months.

Conceiving himself unlawfully deprived of his liberty by this judgment petitioner sought discharge on writ of habeas corpus, which the judgment of the circuit court denied him, and that judgment is presented here for review on this writ of error.

The statute referred to, amended by chapter 51, Acts 1909, now makes the first offense a misdemeanor, punishable as the judgment of the justice complained of provides; the second, a felony, and provides that if the charge made be for the second offense it shall be so stated in the indictment.

It is claimed by counsel for petitioner that he could only be tried and convicted of either of these offenses upon an indictment by a grand jury; that by the amendment the jurisdiction of justices is now limited to a preliminary examination, and, if a prima facie case is shown, to send it on to the circuit court for indictment by the grand jury.

It is conceded by petitioner that section 219, chapter 50, serial section 2773, Code 1913, by sub-section 6 thereof, in terms, gives justices jurisdiction of violations of said section 7, and it is conceded by the Attorney General, that since the amendment of that section by the Act of 1909, justices have no jurisdiction of second offenses, made felonies by said amendment. But for the State it is affirmed that justices now, as before the amendment, have jurisdiction of first offenses, which by the amendment remain misdemeanors.

The sole question then is, does the amendment of said section 7, by implication, repeal entirely section 219, chapter 50, of the Code, so as to take away all jurisdiction of justices over the offenses prescribed? As stated, the Attorney General concedes that it does so as to second, but not as to first offenses which are still misdemeanors.

In support of the proposition that justices have no jurisdiction of either class of offenses, certain other provisions of section 7, as amended, are appealed to. First, the provision of the first paragraph that ''it shall be the duty of the prosecuting attorney in all cases to ascertain whether or not the charge made by the grand jury is the first or second offense, and if it shall be the second offense it shall be so stated in

the indictment returned, and the prosecuting attorney shall introduce the record evidence before the trial court of said second offense, and shall not be permitted to use his discretion in charging said second offense nor in introducing evidence to prove the same on trial; provided'', &c.    Second, two provisions of the second paragraph, (1) that ''upon the trial of every indictment the jury shall inquire into the good faith of the person attempting to defend any such indictment under the authority granted by any such justice,    *    *    * and any such persons so authorized shall be personally liable for the injury caused any one by the negligent or unlawful use of any such weapon.''    (2)    ''It shall be the duty of all ministerial officers, consisting of the justices of the peace, notaries public and other conservators of the peace of this state, to report to the prosecuting attorney of the county the names of all persons guilty of violating this section,'' &c.

The first part of this paragraph excepts certain persons from the provisions of the statute, namely, those carrying weapons in good faith and not for felonious purposes on his own premises, or from the place of purchase to his home, place of residence, place of repair and back, and persons who in case of riot, public danger and emergency may be authorized by a justice of the peace or other person, to execute process, &c.    It is with respect to persons defending under such authority that the first provisions of the paragraph relate.

Do these provisions plainly imply repeal of said section 219?    That the jurisdiction of justices before the amendment was concurrent with that of the circuit court upon indictments is patent from all provisions of the law pertaining to the subject.    That said section 219, conferring jurisdiction on justices of offences arising under said section 7, was intended to facilitate the execution of the law and make it more effective in all parts of the country, is plainly manifest. Now did the Legislature by the amendment plainly intend repeal of said section 219, so as to take away entirely all jurisdiction of justices?    It is a well established rule of construction that repeals by implication are not favored; and as a general rule a statute will not be regarded as repealed by

a subsequent one unless the two are so repugnant the one to the other that they can not stand together. One reason why we are disposed to hold section 219, not repealed is that the section amended and the act amending it do not deal with the subject of the forum in which the offenses are cognizable. Chapter 148, deals generally with the subject of offenses. Its object generally is to declare what acts will constitute offenses against the peace and to prescribe the penalties therefor. True, section 7, of that chapter, as amended, prescribes the duties of the prosecuting attorneys and other persons in relation thereto, but there is nothing in the statute rendering the jurisdiction of justices over first offenses repugnant to that provision making second offenses felonies, and punishable by indictment only. Persons proceeded against, protected by the provisions of the second paragraph thereof, can as well defend before a justice, and the justice can as well inquire into the good faith of such persons, as the jury upon the trial of an indictment for the same offense. And we see nothing repugnant in the second provision of the second paragraph referred to, requiring justices and other ministerial officers and persons to report such offenses to the prosecuting attorney. We do not think this provision can be construed to take away the jurisdiction of justices to try offenses on warrants sworn out before them. The requirement that they shall report such offenses to the prosecuting attorney is reconcilable with their jurisdiction to try first offenses. Such notices may have been intended to inform prosecutors so as to enable them to properly present indictments for second offenses. If tried and convicted by the judgment of a justice an indictment charging a second offense would, we think, be fully supported by proof of the record of the trial and conviction by the judgment of the justice of the first offense.

It is suggested in the brief of petitioner's counsel, on the theory of a repeal of said section 219, that by the judgment of the justice petitioner has been deprived of certain constitutional rights prescribed by sections 6, 9 and 14, of Article III, of our Constitution, our Bill of Rights. It is conceded, however, that it is within legislative authority, given or implied by section 4, of said Article III, to confer on justices of

the peace jurisdiction to try misdemeanors, punishable by fine and imprisonment in the county jail. That provision is: "No person shall be held to answer for treason, felony or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury." The constitutional argument fails, of course, if by the amendment of said section 7, the jurisdiction of justices, given by said section 219, has not been taken away. Such we hold is not the effect of that amendment.

For the foregoing reasons we see no error in the judgment complained of, and are of opinion that it must be affirmed. Judgment affirmed.

*Affirmed.*